```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

BARBARA JUSTINE KING,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:19-00738

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on July 13, 2020, in which she recommended that this court grant plaintiff's motion for judgment on the pleadings to the extent that it requests remand of defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g); deny defendant's request to affirm defendant's decision; reverse defendant's final decision; remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the PF&R; and dismiss this case, with prejudice, and remove it from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Eifert's Proposed Findings and Recommendation. Defendant timely filed objections. (ECF No. 17).

## I. Procedural Background

Plaintiff Barbara Justine King filed her application for benefits under Titles II and XVI of the Social Security Act on February 19, 2016. In her applications, she alleged disability resulting from anxiety, bipolar disorder, depression, paranoid schizophrenia, and learning problems, with an onset date of October 1, 2011. Upon denial of her claims, she sought and obtained an administrative hearing. On October 25, 2018, Administrative Law Judge Nathan Brown ("ALJ") issued a decision finding that plaintiff was not disabled. On August 13, 2019, the Appeals Council denied review. Plaintiff timely sought judicial review.

## II. Objections to the PF&R

Defendant timely filed objections to the PF&R on July 20, 2020. Defendant takes issue with the PF&R's identification of error on the part of the ALJ and with the consequences of such an error, even if one exists. The PF&R finds that there was no substantial evidence to support the ALJ's interpretation of notes from plaintiff's treatment with clinical therapist Candice

Brackins. Over the course of Ms. Brackins's treatment of plaintiff, Ms. Brackins repeatedly stated in her notes, "Ct negative symptoms interfere with Ct ability to function at home, work and community." (AR at 318, 319, 321, 324.) The ALJ stated that he gave great weight to Ms. Brackins's notes. But the PF&R found that he completely misinterpreted those notes to mean that plaintiff was negative _for_ those symptoms. (See ECF No. 16 at 24-27.) The PF&R provided a detailed explanation as to why "the records clearly belie such a conclusion" and why, in context, the notes unambiguously convey the opposite: that plaintiff was experiencing such "negative symptoms." (_Id._) Defendant says that the ALJ's interpretation was reasonable, so there is no error, and even if there is an error, it is harmless because substantial evidence supports the decision. Defendant also objects to the PF&R's mention of the fact that the ALJ got the year of the notes wrong, asserting that such an error was irrelevant and harmless.

### III. Applicable Standards of Review

#### a. Standard of Review of Objections

Pursuant to Federal Rule Civil Procedure 72(b)(3), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a *de novo* or any other

3

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). *De novo* review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

### b. Standard of Review of the Commissioner's Decision

Federal courts are not tasked with making disability determinations. Instead, they are tasked with reviewing the Social Security Administration's disability determinations for two things: (1) the correctness of legal standards applied; and (2) the existence of substantial evidence to support the factual findings. See Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012); see also Biestek v. Berryhill, 139 S. Ct.

4

1148, 1153 (2018) (citing 42 U.S.C. § 405(g)) ("On judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'"). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. But substantial evidence is not "[w]itness testimony that's clearly wrong as a matter of fact," "[f]alsified evidence," "[s]peculation," or "conclusory assertions." See id. at 1159 (Gorsuch, J., dissenting).

**IV. Discussion**

    **a. Objection That There Was No Error Because the ALJ's Interpretation Was Reasonable**

The PF&R correctly found that the ALJ erred in his interpretation of Ms. Brackins's note, "Ct negative symptoms interfere with Ct ability to function at home, work and

5

community." The ALJ's interpretation of the note, that plaintiff was negative <u>for</u> such symptoms, is implausible.

In the discipline of mental health, there are both "positive" and "negative" symptoms of schizophrenia. As the Ninth Circuit Court of Appeals explained in an analogous case:

> The ALJ rejected Dr. Lenza's opinion regarding Floyd's functional limitations in part because of Dr. Lenza's repeated references to Floyd's "negative symptomology." . . . Here, the ALJ was specific but mistaken. The ALJ understood Dr. Lenza's reference to "negative symptomology" to refer to Floyd's denial of positive psychotic symptoms, such as hallucinations, or to malingering. However, Dr. Lenza's use of the term "negative symptomology" referred to Floyd's loss of personality traits, not his denial of symptoms. The Diagnostic and Statistical Manual of Mental Disorders § 295.30 (4th ed.2000) recognizes negative symptoms, such as blunted affect or loss of personality traits, to be indicators of schizophrenia. Thus the "negative symptomology" noted by Dr. Lenza bolstered and did not undermine Floyd's claim that he suffered from schizophrenia.

<u>Floyd v. Barnhart</u>, 177 F. App'x 737, 738-39 (9th Cir. 2006). The remedy in that case was remand. <u>Id.</u> at 739 ("[O]n remand the ALJ may credit or reject Dr. Lenza's opinion for valid reasons, but must do so with a correct understanding of the meaning of 'negative symptomology.'").

Ms. Brackins noted that plaintiff had been diagnosed with paranoid schizophrenia. Therefore, in addition to the highly persuasive reasoning in the PF&R, the fact that mental health professionals commonly speak in terms of positive and negative symptoms makes it clear that the ALJ's interpretation was not

6

reasonable. The objection that the ALJ did not err because his interpretation was reasonable is **OVERRULED**.

### b. Objection That Any Error Was Harmless

The ALJ's error was not harmless. He interpreted a very significant medical note to mean the opposite of what it actually means as part of his residual functioning capacity ("RFC") analysis. In objecting that substantial evidence still support's the ALJ's decision, defendant argues that the ALJ's decision mentioned enough other evidence to support his determination of plaintiff's RFC: He found that plaintiff's conditions tended to improve when she received treatment and that with consistent treatment, she could manage her conditions.

As the PF&R points out, however, the ALJ rightly put great weight on Ms. Brackins's notes, and it is far from clear that he would have reached the same RFC conclusions if he knew that he had completely misinterpreted Ms. Brackins's notes. Moreover, the entire decision here turned on the extent of plaintiff's ability to function despite her conditions (her RFC), and in making that determination, the ALJ must consider <u>all</u> evidence. <u>See</u> 20 C.F.R. § 416.945 (citing § 416.946) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."). Because it is plain that the ALJ fundamentally misinterpreted a crucial piece of evidence in making the RFC determination (a determination that requires

7

considering all relevant evidence), the RFC determination is not based on substantial evidence.

This is so even considering the forgiving nature of that standard of review. This is not to say that any error, however insignificant, that an ALJ makes in an RFC analysis results in an RFC determination (and thus, a decision) that lacks substantial evidence to support it. There are likely cases where errors in RFC analyses are harmless. But this is not such a case; the error here was significant and leaves the decision unmoored from substantial evidence.

### c. Objection Regarding the Date of the Notes

Near the end of a lengthy analysis of the ALJ's misinterpretation of Ms. Brackins's notes, the PRF mentions that the ALJ not only misinterpreted the notes, but also got the date (year) of them wrong: He stated that they were from 2014, but in fact they were from 2013. The PF&R goes on to mention that the date is important because plaintiff was insured for DIB only through March 14, 2014. Defendant objects that because the ALJ was also analyzing plaintiff's Title XVI claim (which does not have the same coverage constraints), he would not and did not conclude that Ms. Brackins's notes "postdated the relevant period," as the PF&R may be read to imply. The court agrees with defendant that, by itself, the wrong date would be a harmless error. However, that the date was incorrect is

8

relevant to the overall analysis because it bespeaks insufficient review of the record. This objection is **OVERRULED**.

**V.  Conclusion**

The court has reviewed Magistrate Judge Eifert's PF&R, defendant's objections to the PF&R, and the pertinent portions of the administrative record. In so doing, the court has made a *de novo* determination of those issues within the PF&R to which defendant objected.

Based on the foregoing, the court adopts the Findings and Recommendations of Magistrate Judge Eifert as follows:

1. Plaintiff's motion for judgment on the pleadings is **GRANTED** to the extent that it requests remand of defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g);
2. Defendant's request to affirm defendant's decision is **DENIED**;
3. Defendant's final decision is **REVERSED**;
4. This matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the PF&R;
5. The case is **DISMISSED**; and
6. The Clerk is directed to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 28th of January, 2021.

ENTER:

David A. Faber
Senior United States District Judge